UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD MAZUREK,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.    Case No. 17-CV-1439

METALCRAFT OF MAYVILLE, INC.,

    Defendant.

## DECISION AND ORDER

Plaintiff Richard Mazurek's has filed a motion to decertify the conditionally certified class, to toll the opt-in plaintiffs' statute of limitations for sixty (60) days to allow them to bring their individual actions, to send notice advising putative Rule 23 class members that their statutes of limitation are no longer tolled because Mazurek is not seeking class certification, to allow Mazurek to continue his claim on an individual basis, and to dismiss the claims of current opt-in plaintiffs without prejudice so that they can pursue individual claims in separate actions. (ECF No. 55.) Mazurek subsequently agreed to withdraw his request for tolling. (ECF No. 58 at 1.) The parties have also filed a stipulated motion for leave to file an amended complaint. (ECF No. 60.)

Defendant Metalcraft of Mayville, Inc. does not oppose decertification. (ECF No. 56-1 at 1.) Accordingly, the only issues before the court are (1) whether notice should be sent to non-class members advising them of the decertification, and (2) the dismissal of Mazurek's Rule 23 allegations. All parties have consented to the jurisdiction of a magistrate judge (ECF Nos. 3, 10), and this matter is ready for resolution.

**1. Background**

On October 20, 2017, Mazurek filed a collective and class action complaint, individually and on behalf of all others similarly situated, against Metalcraft, alleging that "Metalcraft has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked." (ECF No. 1, ¶ 1.) He alleges these actions violated the Fair Labor Standards Act of 1938 (FLSA) and Wisconsin law. (*Id.*) The action was brought as both a collective action pursuant to the FLSA and a class action pursuant to Federal Rule of Civil Procedure 23. (*Id.*, ¶¶ 2, 3.)

A collective action is different from a class action under Rule 23 in that individuals must affirmatively opt in to the lawsuit rather than automatically being a member of the class. *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982). An individual opts in to a collective action by giving his or her written consent. 29 U.S.C. § 216(b).

On February 16, 2018, the parties stipulated to conditional certification of the collective action. (ECF No. 15.) The court granted conditional certification the same day.

(ECF No. 16.) The court ordered that the following class be conditionally certified pursuant to 29 U.S.C. § 216(b):

> All persons who are or have been employed by Metalcraft of Mayville, Inc. as hourly manufacturing employees at Defendant's West Bend, Wisconsin or Mayville, Wisconsin locations since three years prior to the date the Court enters this Order, or Defendant's Beaver Dam location since December 1, 2017.

(ECF No. 16, ¶ 1.) The conditional certification permitted notification be given to putative class members so that they could opt in to the collective action and so that class discovery could begin. *Ehmann v. Pierce Mfg.*, No. 16-C-247, 2016 WL 5957275, at *2 (E.D. Wis. Oct. 13, 2016). The court permitted plaintiffs' counsel to send collective class members the agreed-upon "Notice of Right to Join Lawsuit for Unpaid Wages Against Metalcraft of Mayville, Inc." (ECF No. 16, ¶ 2.) Nine hundred forty-two class members were sent the notice (ECF No. 55, ¶ 5), and seventy-four opted in to the collective action (ECF Nos. 17, 18, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36.) Seven have since opted out (ECF Nos. 37, 46, 49, 50, 51, 53, 54).

After conditional certification, the parties engaged in discovery. (ECF No. 55, ¶ 8.) As a result of the information learned during this initial phase of litigation, Mazurek's counsel "does not believe that collective action certification or Rule 23 class certification are appropriate in this matter." (*Id.*, ¶ 15.) While the collective action was conditionally certified, the Rule 23 class was not.

## 2. Notice to Absent Rule 23 Class Members

Mazurek has requested that the court "authorize Plaintiff to send Notice advising putative Rule 23 class members that [he] is no longer seeking Class certification and should they wish to bring their Wisconsin law claims, they should do so[.]" (ECF No. 55, ¶ 19(c).) Opt-in plaintiffs to the conditionally certified collective action already have been notified that the class will be decertified and that, if they want to pursue a claim, they would need to do so individually. (*Id.*, ¶ 17.) As a result, on the same day that Mazurek filed his motion to decertify, twenty-one opt-in plaintiffs filed individual lawsuits, and three more filed lawsuits a few days later. *See* 20-cv-435-NJ, 20-cv-436-WED, 20-cv-438-WED, 20-cv-439-LA, 20-cv-440-WED, 20-cv-441-PP, 20-cv-442-JPS, 20-cv-443-PP, 20-cv-445-JPS, 20-cv-446-JPS, 20-cv-447-NJ, 20-cv-448-NJ, 20-cv-449-JPS, 20-cv-450-JPS, 20-cv-451-JPS, 20-cv-452-LA, 20-cv-453-PP, 20-cv-454-LA, 20-cv-455-JPS, 20-cv-456-PP, 20-cv-457-PP, 20-cv-461-LA, 20-cv-469-LA, 20-cv-490-PP.

Metalcraft opposes sending notice to the non-certified class or employees under Rule 23. According to Metalcraft, "Rule 23(e) as amend[ed] makes clear Rule 23(e) and notice only applies to 'claims, issues or defenses of a certified class.'" (ECF No. 56, ¶ 2.) Because Mazurek's Rule 23 allegations were not certified, Mazurek has no right to send notice to Metalcraft employees. (ECF No. 56-1 at 5.)

In reply, Mazurek argues that his "request to issue notice to absent class members that the matter is no longer moving forward as a class action is rooted in Rule 23(d)(1),

Seventh Circuit guidance in *Culver v. City of Milwaukee*, 277 F.3d 908, 914-15 (7th Cir. 2002), and what Plaintiff's Counsel had perceived as an agreement between the parties that notice was necessary." (ECF No. 58 at 2-3 (footnote omitted).)

Metalcraft filed a sur-reply Joint Declaration of Attorneys Thomas P. Krukowski and Ronald S. Stadler which addressed the alleged "agreement between the parties." (ECF No. 61.) Attorneys Krukowski and Stadler state,

> During that discussion [regarding the next steps in the litigation], [Plaintiff's Counsel Larry Johnson] indicated that in light of the fact that Plaintiff was not going to move for certification, a notice to the class was necessary. Although there was a discussion about this issue, there was no agreement or stipulation as to how Plaintiff should proceed, and neither counsel for Defendant agreed that a notice should be sent.

(ECF No. 61, ¶ 3.) The court does not have sufficient information from Mazurek to allow it to conclude that the parties agreed to sending notice.

Rule 23(d)(1), relied upon by Mazurek, states in relevant part:

In conducting an action under this rule, the court may issue orders that:
\*\*\*
(B) require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:

    (i) any step in the action.

Fed. R. Civ. P. 23(d)(1)(B)(i). Mazurek points to *Culver v. City of Milwaukee* as providing guidance on when a court should allow notice to "protect class members." (ECF No. 58 at 4-5.)

Instead of relying on Rule 23(d)(1), *Culver* focused on Rule 23(e), which addresses the settlement, voluntary dismissal, and compromise of class actions. In 2002, when the United States Court of Appeals for the Seventh Circuit decided *Culver,* it was not yet clear whether Rule 23(e) applied only to certified classes or if it also applied to putative classes. 277 F.3d at 914. The Seventh Circuit held that, even when a class is not yet certified, notice should still be given to putative class members because "[t]he prejudice to class members from a dismissal of which they may be unaware is the same in [certified or putative classes]." *Id.*

Since *Culver* was decided, Rule 23(e) has been amended. It now reads, in relevant part:

> The claims, issues, or defenses of a *certified* class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, compromised only with the court's approval.

Fed. R. Civ. P. 23(e) (emphasis added). *See* Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment ("Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.") (internal citation omitted); Fed. R. Civ. P. 23(e) advisory committee's note to 2018 amendment ("The introductory paragraph of Rule 23(e) is

amended to make explicit that its procedural requirements apply in instances in which the court has not certified a class at the time that a proposed settlement is presented to the court.").

Although the court is not *required* to issue notice under Rule 23(e) to putative class members, Rule 23(d)(1)(B)(i) *authorizes* courts to notify putative class members of the denial of class certification. *See, e.g.*, *Puffer v. Allstate Ins. Co.*, 614 F. Supp. 2d 905, 911 (N.D. Ill. 2009) ("We find that Rule 23(d)(1)(B)(i) authorizes, but does not automatically require, this Court to order that putative class members be notified of the denial of class certification in this case.").

In *Balschmiter v. TD Auto Finance LLC*, No. 13-CV-1186-JPS, 2015 WL 2451853, at *7 (E.D. Wis. May 21, 2015), upon which Metalcraft relies in stating that no notice should be sent, the court, in concluding that no notice should be sent to the putative class members, stated that "plaintiff has not offered a scintilla of evidence that the putative class members were aware of or relied on the instant matter to protect their rights, or would otherwise be prejudiced." (Internal footnote omitted.) And even though the statute of limitations may prevent some individuals from being able to pursue their claims, the court held that "this places no obligation on the Court 'to awaken potential litigants from their lethargy ….'" *Id.* at *8 (quoting *Marian Bank v. Elec. Payment Servs. et al.*, No. 95-614-SLR, 1999 WL 151872, at *3 (D. Del. Mar. 12, 1999)).

Mazurek argues that the "absent class members received notice of this action and an opportunity to join the 29 U.S.C. § 216(b) collective action." (ECF No. 58 at 3.) "While counsel for the Parties and the Court clearly understand the difference between Rule 23 and 29 U.S.C. § 216(b), that understanding cannot be imputed to the absent class members. It is certainly reasonable for absent class members to infer that their rights are being litigated in this matter until they hear otherwise." (*Id.* at 5.) Notice should be sent "to alert the absent class members that their statutes of limitation are no longer tolled." (*Id*. at 3-4.)

The notice that was sent to the absent class members notified them only of the pending collective action under the FLSA:

> You are receiving this notice because you have been identified as a potential class member in the above-captioned lawsuit brought by Plaintiff Richard Mazurek against Defendant Metalcraft of Mayville, Inc. ("Metalcraft"). The lawsuit alleges that Metalcraft violated the Fair Labor Standards Act of 1938 ("FLSA") by improperly rounding the work time of hourly manufacturing employees. Metalcraft, Inc. denies that is [sic] has violated the law.

(ECF No. 15-1 at 1.) Nothing in the notice advised the absent class members of concurrent violations of Wisconsin law. Similarly, the form sent to the putative collective action members to allow them to consent to join the lawsuit referenced only the FLSA collective class action. (*See, e.g.*, ECF No. 17-1.) And all of those who opted to join the lawsuit have already received notice that the class will be decertified and that, if they want to pursue a claim, they would need to do so individually. (ECF No. 55, ¶ 17.)

Having not been advised that the lawsuit also involved a Rule 23 class action under Wisconsin law, the absent class members could not have relied on the notice to conclude that the statute of limitations on their Wisconsin cause of action was tolled. If the court were to allow Mazurek's counsel to send notice "that [Mazurek] is no longer seeking Class certification and should they wish to bring their Wisconsin law claims, they should do so[,]" (ECF No. 55, ¶ 19(c)), this would be the first time these individuals were hearing of alleged violations of Wisconsin law. Absent class members will suffer no prejudice in the dismissal of claims they never knew existed.

In an analogous situation, in *Miller v. Theda-Care, Inc.*, No. 15-C-506, 2018 WL 472818, at *12 (E.D. Wis. Jan. 18, 2018), after granting a motion to decertify the collective action and denying a motion to certify a Rule 23 class action, the court ordered that the opt-in plaintiffs be notified of the decertification of the collective action, with no mention of putative Rule 23 class members.

Even though the court has not yet granted the motion to decertify, Mazurek's counsel has already notified the opt-in plaintiffs of the pending motion. All other putative class members have already decided not to join the lawsuit. "Rule 23(d)(1) notice is not intended to encourage putative class members to file (or not file) suit …." *Puffer*, 614 F. Supp. 2d at 918. Accordingly, the court denies Mazurek's request to allow him to send notice to putative class members.

### 3. Dismissal of Rule 23 Allegations

Pursuant to the court's July 8, 2019 Amended Scheduling Order, the deadline for Rule 23 class certification was March 20, 2020. (ECF No. 45 at 1.) Mazurek never moved for Rule 23 class certification and instead admits that it is not "appropriate." (ECF No. 55, ¶ 15.) Metalcraft argues that the proper way to dismiss Mazurek's Rule 23 claims is through Rule 41. (ECF No. 56-1 at 5-6.) Mazurek argues that doing so would dismiss the entire action (ECF No. 58 at 6), and "this suit became an individual action when the class was decertified." *Culver*, 277 F.3d at 910.

The parties then filed a "Stipulated Motion for Leave to File Amended Complaint" (ECF No. 60) and attached to the motion an amended complaint with Mazurek as the sole plaintiff (ECF No. 60-1). Mazurek argues that this "moot[s] Defendant's argument that a dismissal by Rule 41 of the class and collective claims is necessary as those class and collective claims will be removed by amendment." (ECF No. 58 at 6.) The court agrees. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

Accordingly, the parties' stipulated motion for leave to file amended complaint (ECF No. 60) is granted.

**IT IS THEREFORE ORDERED** that Mazurek's "Motion to Decertify the Conditionally Certified Class and Send Notice Advising Putative Class Members That

Their Statutes of Limitation Are No Longer Tolled" (ECF No. 55) is **granted in part and denied in part**. The motion to decertify is **granted**. The conditionally certified collective action is **decertified**, and the claims of the opt-in plaintiffs are **dismissed without prejudice.** This action will continue with Mazurek as the sole plaintiff.

**IT IS FURTHER ORDERED** that Mazurek's request to notify absent Rule 23 class members of the decertification is **denied**.

**IT IS FURTHER ORDERED** that the request for tolling of the statute of limitations is **dismissed as moot**.

**IT IS FURTHER ORDERED** that the "Stipulated Motion for Leave to File Amended Complaint" (ECF No. 60) is **granted**. The amended complaint at ECF No. 60-1 is accepted as the operative complaint for Mazurek in his individual claims against Metalcraft.

Dated at Milwaukee, Wisconsin this 30th day of April, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge