UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD MAZUREK, | Case No. 17-cv-1439-bhl |
| BRIAN STEGER, | Case No. 20-cv-0435-bhl |
| CARY CYNOR, | Case No. 20-cv-0436-bhl |
| JEFFREY ANDERS, | Case No. 20-cv-0438-bhl |
| BRENDA REINHARDT, | Case No. 20-cv-0439-bhl |
| DANIEL HOMAN, | Case No. 20-cv-0440-bhl |
| GORDON WEBSTER, | Case No. 20-cv-0441-bhl |
| KIMBERLY PUCEK, | Case No. 20-cv-0443-bhl |
| WILLIAM SIAS, | Case No. 20-cv-0447-bhl |
| KATHYLENE NEWMAN, | Case No. 20-cv-0448-bhl |
| ANNE STEGER, | Case No. 20-cv-0449-bhl |
| NORBERT HANNI, | Case No. 20-cv-0451-bhl |
| CASEY LAMBERG, | Case No. 20-cv-0452-bhl |
| JOHN FARINA, | Case No. 20-cv-0454-bhl |
| DAVID BARTELS, | Case No. 20-cv-0455-bhl |
| RONALD KRETSCHMER, | Case No. 20-cv-0490-bhl |

        Plaintiffs,

v.

METALCRAFT OF MAYVILLE INC,

        Defendant.

---

## ORDER DENYING MOTION FOR SANCTIONS

---

      According to scientists, some day in the distant future, the sun will exhaust its helium reserves, expand into a Red Giant, and wipe out all life on Earth. At that time, the only remaining sound will be the petty bickering of legal counsel. Of that, the 16 motions for sanctions currently pending before this Court are irrefutable proof. Defendant argues that Plaintiffs' counsel filed 16 "baseless and frivolous lawsuits," sanctionable conduct under Fed. R. Civ. P. 11. (*See, e.g.,* 17-cv-1439, ECF No. 112 at 18.) Plaintiffs have moved to dismiss 12 of the lawsuits (the other four were decided on summary judgment), with prejudice, and without further costs or fees to either party under Fed. R. Civ. P. 41(a)(2). Because the Court does not find that Plaintiffs' counsel

conducted this litigation in a frivolous manner, the motions for sanctions will be denied and the motions to dismiss granted.

## PROCEDURAL BACKGROUND

Plaintiffs' counsel originally filed these lawsuits as a collective action, conditionally certified by joint stipulation on February 16, 2018. (17-cv-1439, ECF No. 15.) On March 20, 2020, Plaintiffs moved to decertify the collective action. (17-cv-1439, ECF No. 55.) The Court granted that motion on April 30, 2020. (17-cv-1439, ECF No. 63.) Thereafter, Plaintiffs' counsel filed individual lawsuits on behalf of the plaintiffs who had opted into the collective action. (*See, e.g.,* 20-cv-0438, ECF No. 42 at 7.)

On June 3, 2021, the Court ordered the various cases consolidated for the "limited purposes of discovery." (*See, e.g.,* 20-cv-0438, ECF No. 35.) The Court also granted each side leave to file two motions for summary judgment in cases of their choosing. (17-cv-1439, ECF No. 88.) On December 16, 2021, the Court entered summary judgment in favor of Defendant and against Plaintiffs Mazurek, Sias, Webster, and Lamberg. (17-cv-1439, ECF No. 109; 20-cv-0447, ECF No. 56; 20-cv-0441, ECF No. 53; 20-cv-0452, ECF No. 53.) Later that same day, the Court entered an order in each of the 12 remaining cases, directing Plaintiffs' counsel to file a statement identifying any facts or legal arguments that might warrant a different outcome in those cases. (*See, e.g.,* 20-cv-0438, ECF No. 36.)

On January 18, 2022, Plaintiffs' counsel responded in all 12 cases and moved for dismissal pursuant to Fed. R. Civ. P. 41(a)(2). (*See, e.g.,* 20-cv-0438, ECF No. 37.) Defendant agreed that the cases should be dismissed, but also sought sanctions under Fed. R. Civ. P. 11. (*See, e.g.,* 20-cv-0438, ECF Nos. 40, 41.)

## LEGAL STANDARD

"Rule 11 requires attorneys to certify that every court filing advances arguments warranted by existing law or a nonfrivolous argument for extending the law." *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 558 (7th Cir. 2019) (citing Fed. R. Civ. P. 11(b)(2)). "Similarly, the factual contentions attorneys advance must have evidentiary support or be likely to have evidentiary support after a reasonable opportunity for further investigation." *Id.* at 558-59 (citing Fed. R. Civ. P. 11(b)(3)). Both provisions are evaluated objectively. *See Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) ("Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense."). If an attorney fails to comply

with these professional requirements, Rule 11 allows for sanctions. *See* Fed. R. Civ. P. 11(c). "[T]he central purpose of [these sanctions] is to deter baseless filings in district court[s]," so their pertinence is "left to the sound discretion of the [those] court[s]." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Foreman v. Wadsworth*, 844 F.3d 620, 627 (7th Cir. 2016).

## ANALYSIS

To resolve Defendant's motion, "[t]he court must 'undertake an objective inquiry into whether [Plaintiffs' counsel] should have known that his position [was] groundless." *Cuna Mut. Ins. Soc'y v. Off. & Pro. Emps. Int'l Union, Loc. 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir.1993)). Defendant's primary contention is that a rational attorney who conducted a reasonable pre-filing inquiry into the strength of the Plaintiffs' cases would have never filed these lawsuits or, at least, would have withdrawn them after discovery. (*See, e.g.*, 20-cv-0438, ECF No. 42 at 3-4.) Because the Court disagrees, the motion for sanctions will be denied.

**I.     Plaintiffs' Cases Did Not Obviously Foreclose Victory on the Determinative Issue.**

The decisive issue in these cases was whether Plaintiffs could prove their allegedly uncompensated worktime as a matter of "just and reasonable inference." *Mazurek v. Metalcraft of Mayville, Inc.*, No. 17-cv-1439-bhl, 2021 WL 5964541, at *5 (E.D. Wis. Dec. 16, 2021). Under Seventh Circuit law, unreported work time can "be reconstructed from memory, inferred from the particulars of the jobs . . . . or estimated in other ways—any method that enables the trier of fact to draw a 'just and reasonable inference' concerning the amount of time the employee had worked would suffice." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 775 (7th Cir. 2013). When the employer is responsible for the imprecision, courts allow plaintiffs to get creative. *See Brown v. Family Dollar Stores of Ind., LP*, 534 F.3d 593 (7th Cir. 2008) (permitting plaintiffs to prove hours through "triggering factors"); *Urnikis-Negro v. Am. Fam. Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010) (determining work hours based on the time the plaintiff dropped her child off at school and the extent of the company's business during the relevant period). In other words, FLSA litigation is often more like a game of horseshoes, where "almost" is good enough, at least where the employer has constructed a barrier to tossing a "ringer."

Accordingly, FLSA plaintiffs will sometimes legitimately seek remuneration based on a quantum of evidence that would be insufficient in other contexts. That is what Plaintiffs attempted in these cases. As the Court noted in its summary judgment order, Plaintiffs presented the Court

with "a handful of facts that might support a FLSA action[.]" *Mazurek*, 2021 WL 5964541, at *7. The problem was one of degree, not kind—the methods Plaintiffs used to estimate worktime were simply too unreliable to permit a factfinder to draw a "just and reasonable inference." *Id.* But a case is not frivolous, nor is a factual presentation baseless just because it crumbles at summary judgment. *See Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 886-87 (7th Cir. 1992). Plaintiffs came forward with the kind of evidence that courts hearing FLSA actions have come to expect; they just failed to come forward with enough of this type of evidence. This failure was not sanctionable.

Defendants compare this case to *McGreal v. Village of Orland Park*, 928 F.3d 556 (7th Cir. 2019), *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir. 1986), and *Divane v. Krull Elec. Co.*, 200 F.3d 1020 (7th Cir. 1999). In *McGreal*, the Seventh Circuit upheld an award of sanctions against a plaintiff's attorney who did not produce any admissible evidence on his client's claims, filed papers laden with disingenuous and misleading statements, and failed to comply with local filing rules. *See McGreal*, 928 F.3d at 560. In *Thornton*, the Seventh Circuit imposed double costs and reasonable attorney's fees where the plaintiff's statement of the law turned out to be wildly untrue. *Thornton*, 787 F.2d at 1154. And in *Divane*, the Seventh Circuit upheld sanctions against a defense attorney who the district court concluded could not have made a reasonable inquiry because he never had any factual support for his claims. *Divane*, 200 F.3d at 1028.

Defendant's analogy is misplaced; Plaintiff's counsels' behavior in this case was in no way comparable. Ultimately, the proof Plaintiffs were able to marshal was inadequate, but Plaintiffs' counsel did not misrepresent the law, mislead the Court, or defend at summary judgment without any facts. This was a mine-run action in every sense save the proliferation of related cases. Plaintiffs have already lost; sanctions would be overkill.

**II.    The Remaining Cases Will Be Dismissed Pursuant to Fed. R. Civ. P. 41(a)(2).**

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiffs in the 12 actions currently pending before the Court have moved for dismissal under Rule 41(a)(2). (*See, e.g.,* 20-cv-0438, ECF No. 37.) Defendant did not object to dismissal of each case, with prejudice. (20-cv-0438, ECF No. 40 at 1.) The only dispute was over who should bear fees and costs. (*Id.* at 1-2.) Having determined that an award of sanctions is not warranted, the Court will dismiss the cases with prejudice, with each party to bear its own fees and costs.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motions for sanctions under Fed. R. Civ. P. 11 (17-cv-1439, ECF No. 111; 20-cv-0435, ECF No. 45; 20-cv-0436, ECF No. 40; 20-cv-0438, ECF No. 41; 20-cv-0439, ECF No. 39; 20-cv-0440, ECF No. 41; 20-cv-0441, ECF No. 55; 20-cv-0443, ECF No. 42; 20-cv-0447, ECF No. 58; 20-cv-0448, ECF No. 43; 20-cv-0449, ECF No. 37; 20-cv-0451, ECF No. 37; 20-cv-0452, ECF No. 55; 20-cv-0454, ECF No. 40; 20-cv-0455, ECF No. 47; 20-cv-0490, ECF No. 41) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motions to dismiss the 12 related cases under Fed. R. Civ. P. 41(a)(2) (20-cv-0435, ECF No. 41; 20-cv-0436, ECF No. 36; 20-cv-0438, ECF No. 37; 20-cv-0439, ECF No. 35; 20-cv-0440, ECF No. 37; 20-cv-0443, ECF No. 38; 20-cv-0448, ECF No. 39; 20-cv-0449, ECF No. 33; 20-cv-0451, ECF No. 33; 20-cv-0454, ECF No. 36; 20-cv-0455, ECF No. 42; 20-cv-0490, ECF No. 37) are **GRANTED**. The cases are dismissed, with prejudice, and with each party to bear its own costs and fees. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge